Martin, P.J.
This appeal arises out of a judgment for the plaintiffs on Counts I and II of the complaint, and findings and judgment for the defendant on Counts III-VI of the complaint. Judgment for the plaintiffs did not include adequate attorneys’ fees, treble damages or the return of the plaintiffs’ security deposit. We remand to the Trial Court.
Plaintiffs rented the premises from the defendant in June 1990. they gave the defendant a security deposit in the amount of $2,000.00. Defendant failed to give them a receipt for the deposit, failed to provide an apartment condition statement, failed to place security deposit in a separate interest-bearing account, and delen-dant failed to return the deposit upon demand after the termination of the tenancy. Although the plaintiffs left the premises two and one-half months prior to the end of the term, they paid the last montbJs rent and-suffiGient-renUaSier theTand-lord’s shortfall of rent.
The plaintiffs made several demands upon the defendant for the return of the security deposit, including a demand pursuant to G.L.c. 93A. §9. J)efendañtñevér~ returned the deposit and the tenants brought suit Their legal fees and costs totaled $8,598.96 The plaintiffs’ appeal pursuant to District/Mnn. CliTRTA.D77W Rule 8A, from a judgment in their favor on complaint seeking treble damages and attorneys’ fees for a violation of G.L.c. 186, §15B. The plaintiffs Question the amount of the award. Specifically, it is asserted that the judge did not award treble damages and attorneys’ fees as required by the statute.
The plaintiffs were entitled to the security deposit trebled and to an attorney’s fee. The trial judge’s assessment of an attorney’s fee wilfnot be overturned absent a showing of abuse of discretion. The case is remanded to the Trial Court with the direction to enter judgment for the plaintiffs for $6,000.00, plus an attorney’s fee of $2,640.75, plus costs.
So ordered.